UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WEAVER,

    Plaintiff,

v.

NEWAYGO COUNTY CIRCUIT COURT, et al.,

    Defendants.
_____/

Case No. 1:25-cv-594

HON. JANE M. BECKERING

## OPINION AND ORDER

This is a pro se prisoner civil rights action filed in forma pauperis and pursuant to 42 U.S.C. § 1983 (*see* Compl., ECF No. 1). Plaintiff alleges constitutional violations arising from various substantive and procedural deficiencies in his state court criminal matters (*see generally id.*). This matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that the Court dismiss Plaintiff's complaint under 28 U.S.C. § 1915(e) (*see* R&R, ECF No. 6). Presently before the Court is Plaintiff's "Objection to Magistrates [sic] Report and Recommendation," in which filing he raises several arguments that he styles as "objections" (*see* Obj., ECF No. 9). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made. As discussed in greater detail below, Plaintiff's objections largely fail to "specifically identify" the portions of the Report and Recommendation to which they apply in violation of this Court's rules. *See* W.D. Mich. LCivR 72.3(b). The Court denies the objections and issues this Opinion and Order.

First, Plaintiff "objects" that "a great and evil wrong has been perpetrated" by the "Newaygo County's 27th Circuit Court," and thus his case should not be dismissed (Obj., ECF No. 9 at PageID.114). Plaintiff does not engage with the Magistrate Judge's analysis or identify legal or factual error. *See* W.D. Mich. LCivR 72.3(b). This objection is denied.

Second, Plaintiff "objects" that his Complaint went from "being accepted as true" to being merely "liberally construed" (Obj., ECF No. 9 at PageID.114). Plaintiff conflates the legal standard applicable to a pro se filing with the distinct legal standard applicable to a motion to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (discussing pro se pleadings); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (discussing the standard for dismissing an in forma pauperis action under 28 U.S.C. § 1915(e)); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (discussing the pleading standard applicable to a motion to dismiss). This objection is denied.

Third, Plaintiff "objects" that the concept of "absolute immunity" is too broad and could lead to absurd results (Obj., ECF No. 9 at PageID.114). Plaintiff identifies no legal authority to support his position, and he does not engage with the Magistrate Judge's analysis. *See* W.D. Mich. LCivR 72.3(b). This objection is denied.

Fourth, Plaintiff "objects" that "President Trump" and a number of executive officials "are in the process of holding a whole bunch of people accountable for their" actions, and he should similarly be permitted to hold the "system" accountable (Obj., ECF No. 9 at PageID.115). Plaintiff, however, does not engage with the Magistrate Judge's explanation that federal courts abstain from interfering with ongoing state criminal matters absent extraordinary circumstances not present here. *See* R&R, ECF No. 6 at PageID.85–86 (citing *Younger v. Harris*, 401 U.S. 37, 44–55 (1971)); W.D. Mich. LCivR 72.3(b). Plaintiff fails to identify any factual or legal error by the Magistrate Judge and his objection is denied.

Fifth, Plaintiff "objects" that he should have received appointed counsel (Obj., ECF No. 9 at PageID.115). Plaintiff's request for appointment of counsel has been denied in a separate Order (Order Denying Motion to Appoint Counsel, ECF No. 8). Plaintiff has not identified a "palpable defect" in that Order. *See* W.D. Mich. LCivR 7.4(a) (limiting motions for reconsideration to those that can identify a "palpable defect" in a court's prior ruling). This objection is denied.

Sixth, Plaintiff "objects" that although he agrees with "*Heck v. Humphrey*," he should nevertheless be allowed to "get the process started for discovery and depositions" regarding the alleged violations that took place in his state court criminal proceedings (Obj., ECF No. 9 at PageID.115). The Court understands the importance of these matters to Plaintiff and Plaintiff's sense of urgency. That said, Plaintiff fails to engage with the Magistrate Judge's analysis or cite authority entitling him to the relief that he requests. *See* W.D. Mich. LCivR 72.3(b). This objection is denied.

Last, Plaintiff "objects" that the Court should wait until certain proceedings in his criminal case have concluded to make a decision in this matter (Obj., ECF No. 9 at PageID.115–116). Plaintiff cites no authority to justify this request, and the Court denies the objection.

In sum, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

Accordingly, for the reasons stated above:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 9) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 6) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  November 10, 2025                                /s/ Jane M. Beckering
                                                                                        JANE M. BECKERING
                                                                                        United States District Judge